NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0203n.06
Filed: March 21, 2005

No. 03-4329

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MICHAEL GOLDSBY, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: MARTIN and GILMAN, Circuit Judges; and COHN, District Judge.[*]

RONALD LEE GILMAN, Circuit Judge. After being indicted by a grand jury, Michael

Goldsby was convicted by a petit jury in August of 1997 of conspiracy to distribute cocaine base

(crack cocaine) and for possession of cocaine base with the intent to distribute. On appeal, his

conviction for conspiracy was reversed, but his conviction for possession was affirmed. He then

moved for disclosure of the grand jury proceedings under Rule 6(e) of the Federal Rule of Criminal

Procedure and sought dismissal of the indictment, alleging that the government had failed to prove

that he possessed crack cocaine as charged by the grand jury. Goldsby stated in his motion for

disclosure that he intended to make the grand jury proceedings an issue in a future motion under 28

U.S.C. § 2255. He did not offer a statutory basis for his motion to dismiss the indictment, but the

---

[*]The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

argument he presented and the relief he sought made it the functional equivalent of a § 2255 motion to vacate his sentence.

The district court denied both motions. It then resentenced Goldsby to 360 months of imprisonment as a career criminal offender. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

### A. Factual background

In May of 1997, a federal grand jury indicted 10 defendants, including Goldsby, on charges of engaging in a conspiracy "to distribute cocaine and cocaine-base (crack-cocaine) in violation of [21 U.S.C. §] 841(a)(1)." Goldsby himself was charged with two offenses: conspiracy to possess cocaine-base (crack-cocaine), in violation of 21 U.S.C. § 846, and possession with the intent to distribute 5.88 grams of cocaine-base (crack-cocaine), in violation of 21 U.S.C. §§ 841(a)(1).

During the jury trial, the government presented as evidence against Goldsby a Cleveland Police Department laboratory report and the testimony of forensic scientist Cynthia Lewis, who prepared the report. The report described the contraband found on Goldsby's person as a "[p]lastic bag containing numerous pieces and crumbs of [an] off-white waxy material." It went on to state that the substance tested positive for cocaine and weighed 5.88 grams. The report then stated that "[f]urther analysis determined [the] sample to be COCAINE BASE."

In her testimony about the substance, Lewis corroborated the report, repeating that "the material was found to be positive for cocaine base." Although she did not use the term "crack"

when discussing Goldsby's contraband, Lewis explained earlier in her testimony that the terms

"crack" and "cocaine base" are interchangeable, with crack being the "street name" for cocaine base:

> Q:    . . . And as a result of performing these tests, were you able to come to a
>        conclusion with regard to Government's Exhibit 9 [the contraband found in
>        the possession of another defendant]?
>
> A:    Yes.  Based on those tests, the material was found to be positive for cocaine
>        base.
>
> Q:    All right.  And do you know cocaine base by a street name?
>
> A:    Yes, I do.
>
> Q:    What is it?
>
> A:    It's referred to as the crack form.

The jury convicted Goldsby on both counts in August of 1997.  He was sentenced to 383 months of

imprisonment, followed by 8 years of supervised release, and was required to pay a $200 special

assessment.

**B.    Procedural background**

On direct appeal, Goldsby's conviction for possession with intent to distribute was affirmed,

but his conviction for conspiracy was reversed.  He was resentenced to 360 months of imprisonment,

followed by 8 years of supervised release, and was required to pay a special assessment of $100.

Goldsby then moved for disclosure of the grand jury proceedings and dismissal of the

indictment due to alleged prosecutorial misconduct before the grand jury.  Specifically, he claimed

that the government misled the grand jury into believing that he possessed crack cocaine, as opposed

to powder cocaine, a difference that would have substantially affected his sentence.  The district

court denied Goldsby's motions, holding that the petit jury's verdict showed that Goldsby's possession of crack cocaine was proven beyond a reasonable doubt at trial, making any error in the grand jury proceedings harmless. Goldsby's subsequent motion to reconsider was denied by the district court on the same ground. This timely appeal followed.

## II. ANALYSIS

### A. Standard of review

We review a district court's response to a defendant's request for disclosure of grand jury proceedings for an abuse of discretion. *See Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 228 (1979) (noting that appellate courts "[g]enerally . . . leave it to the considered discretion of the district court to determine the proper response to requests for disclosure"); *In re Antitrust Grand Jury*, 805 F.2d 155, 161 (6th Cir. 1986) (pointing out that "[t]he district court has substantial discretion when considering a request to disclose grand jury testimony").

A district court's ruling on a motion to dismiss the indictment is reviewed under the same standard. *See United States v. Lee*, 359 F.3d 412, 417 (6th Cir. 2004) (applying the abuse-of-discretion standard to a district court's refusal to dismiss an indictment); *United States v. Powell*, 823 F.2d 996, 1001 (6th Cir. 1987) (applying the abuse-of-discretion standard and emphasizing that "there is to be strict application of the rule against inquiry into grand jury processes except where it is alleged that the body is biased or illegally constituted") (quotation marks omitted).

We will not reverse a criminal conviction on the basis of error in the grand jury proceedings where the alleged error was harmless. *See United States v. Mechanik*, 475 U.S. 66, 73 (1986)

(refusing to reverse a criminal conviction where "the petit jury's verdict rendered harmless any conceivable error in the charging decision that might have flowed from the violation").

## B.      Denial of the motion to disclose grand jury proceedings

As noted by the Supreme Court in *Douglas Oil*, a litigant's interest in disclosure must be balanced against the public's strong interest in the secrecy of grand jury proceedings:

> [I]n considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries. Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties. . . . Thus, the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities.

*Douglas Oil*, 441 U.S. at 222. Disclosure is warranted "only in those cases where the need for it outweighs the public interest in secrecy," *id*. at 223, a burden unlikely to be met by a defendant who was not prejudiced by the claimed violation.

The alleged error in the present case was harmless for two reasons. First, the government presented evidence at trial to support its contention that the substance at issue was in fact crack cocaine. The forensics expert who determined that the "pieces . . . of off-white waxy material" were "cocaine base" testified at trial, and her report was introduced as an exhibit. When asked earlier if "cocaine base" had any colloquial synonyms, she specifically stated that it was called "crack." The substance itself was even introduced into evidence. At no point during the presentation of this evidence did Goldsby object, and the record does not indicate that he introduced any evidence of his own to rebut the government's claim that the substance was actually crack cocaine.

The second reason that the alleged error was harmless is that the petit jury convicted Goldsby. This "means not only that there was probable cause to believe that the defendant[] w[as] guilty as charged, but also that [he is] in fact guilty as charged beyond a reasonable doubt." *Mechanik*, 475 U.S. at 70. Because the petit jury heard evidence during the trial about whether the substance that Goldsby was accused of possessing was crack cocaine, and subsequently convicted Goldsby of possession of crack cocaine, we hold that any error in the grand jury proceedings involving the identity of the substance was harmless. *See id.*

**C.      Denial of the motion to dismiss the indictment**

The district court's denial of Goldsby's motion to dismiss the indictment is subject to a two-prong test:

> In this Circuit, the law is clear that a court may not order dismissal of an indictment under its supervisory power unless the defendant demonstrates that "prosecutorial misconduct is a long-standing or common problem in grand jury proceedings in [the] district." . . . In addition to demonstrating long-standing prosecutorial misconduct, a defendant who seeks dismissal of an indictment also must show that he was prejudiced by the prosecutor's actions.

*United States v. Griffith*, 756 F.2d 1244, 1249 (6th Cir. 1985) (citations omitted) (alteration in original). Even if there were a pattern of prosecutorial misconduct in the Northern District of Ohio—a pattern not proven or even alleged by Goldsby—Goldsby is unable to meet the second prong of the *Griffith* test because he was not prejudiced by the alleged error.

Whether or not the grand jury heard evidence indicating that "crack cocaine" and "cocaine base" are synonyms, the petit jury did. Its verdict establishes that Goldsby is "guilty as charged beyond a reasonable doubt," *Mechanik*, 475 U.S. at 70, making the alleged error in the formulation

of the charge harmless.  We therefore uphold the district court's denial of Goldsby's motion to

dismiss the indictment.

### III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.